IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CLENARD CEBRON WADE,<br><br>　　　　Petitioner,<br><br>　vs.<br><br>GARY SWARTHOUT,<br><br>　　　　Respondent. | No. C 13-4666 JSW (PR)<br>No. C 13-4677 JSW (PR)<br><br>**ORDER CONSOLIDATING CASES; DISMISSAL WITH LEAVE TO AMEND; GRANTING LEAVE TO PROCEED IN FORMA PAUPERIS**<br><br>(Dkt. 2) |

## INTRODUCTION

Petitioner, a prisoner of the State of California proceeding pro se, filed two habeas corpus petition pursuant to 28 U.S.C. § 2254 challenging the constitutionality of his state court conviction and sentence. For purposes of judicial economy, it is preferable for Petitioner to have all of his claims in a single petition in a single case. Accordingly, the two cases are consolidated, the later-filed case (No. C 13-4677 JSW (PR)) is dismissed, and Petitioner is given leave to file an amended petition in Case No. C 13-4666 JSW (PR) that includes all of his claims and that corrects the deficiencies noted below. He is granted leave to proceed in forma pauperis.

## BACKGROUND

In 2009, Petitioner was convicted in Contra Costa County Superior Court of grand theft, false imprisonment, assault with a deadly weapon and various sentence

enhancements. Based on these convictions and enhancements, he was sentenced to a term in state prison. The California Court of Appeal affirmed the judgment on appeal, and the California Supreme Court denied a petition for review. Habeas petitions filed by Petitioner in the Contra Costa County Superior Court, the California Court of Appeal, and the California Supreme Court were denied.

## DISCUSSION

I Standard of Review

This court may entertain a petition for a writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). It shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." *Id.* § 2243.

II. Legal Claims

Petitioner presents a variety of claims in two petitions. All of his claims should be set forth in a single petition. In addition, each claim must be clearly numbered and labeled, and only claims that assert the violation of *federal* law, not state law, will be considered. Many of the claims do not assert the violation of federal law. For example, he complains about various errors in his sentence, but he only cites state law and statutes. Petitioner must correct these deficiencies in his amended, to be filed in accordance with the instructions below.

## CONCLUSION

For the foregoing reasons and for good cause shown:

1. Case Nos. C 13-4666 JSW (PR) and C 13-4677 JSW (PR) are CONSOLIDATED. Case No. C 13-4677 JSW (PR) is DISMISSED; the Clerk shall enter judgment and close the file in that case.

2. The petition in Case No. C 13-4666 JSW (PR) is DISMISSED WITH

LEAVE TO AMEND.  Within *28 days of the date this order is filed,* Petitioner shall file an amended petition that sets forth cognizable claims.  The amended petition must include the caption used in this order and clearly include the case number C 13-4441 JSW (PR), and it shall include the words "COURT-ORDERED FIRST AMENDED PETITION" on the first page.  Also, because an amended petition completely replaces the original petition, *see Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992), Petitioner may not incorporate into any amended petition material from the original petition by reference.  <u>Failure to file an amended petition within the designated time and in accordance with this order will result in the dismissal of this action without prejudice</u>.

       3.  It is Petitioner's responsibility to prosecute this case.  Petitioner must keep the Court informed of any change of address by filing a separate paper captioned "Notice of Change of Address."  He must comply with the Court's orders in a timely fashion.  Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

       4.  Leave to proceed in forma pauperis (dkt. 2) is GRANTED.

IT IS SO ORDERED.

DATED: <u>November 8, 2013</u>

                                    JEFFREY S. WHITE  
                                    United States District Judge

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

CLENARD CEBRON WADE,

        Plaintiff,

  v.

FAULK et al,

        Defendant.
                                     /

Case Number: CV13-04666 JSW
                  CV13-04677 JSW

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on November 8, 2013, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Clenard C. Wade
AA7245
HDSP
P.O. Box 3030
Susanville, CA 96127

Dated: November 8, 2013

Richard W. Wieking, Clerk
By: Jennifer Ottolini, Deputy Clerk